(No. 15521.—Cause transferred.)

THE FIRST NATIONAL BANK OF WITT, Appellee, *vs.* JOHN L. HUBER *et al.* Appellants.

*Opinion filed October 20, 1923.*

APPEALS AND ERRORS—*appeal from decree of foreclosure lies to the Appellate Court.* The Supreme Court has no jurisdiction of a direct appeal from a decree foreclosing a mortgage and directing a sale in default of payment, as an appeal in such case lies to the Appellate Court.

APPEAL from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding.

E. C. KABURICK, and LANE, DRYER & BROWN, for appellants.

JOSEPH M. BAKER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, the First National Bank of Witt, Illinois, filed in the circuit court of Montgomery county its bill of complaint for the foreclosure of a mortgage executed on February 10, 1919, by the appellants, John L. Huber and Mary Huber, his wife, to secure payment of three promissory notes of Huber, two for the principal sum of $5000 each and the third for $3000, all due in five years, with annual interest at five per cent. The bill alleged that default

had been made in the payment of interest due and by the terms of the mortgage the entire debt had become due. The defendants filed an answer, to which exceptions were sustained, whereupon they filed a second answer, to which exceptions were also sustained. They stood by the answer, and refusing to plead further there was a reference to a master, and a decree of foreclosure was entered on his report directing a sale in default of payment within twenty days of the amount of the alleged mortgage debt with costs, including $475 solicitor's fees. The court allowed an appeal to this court, and the appeal was perfected.

The mortgage was made to the Oland National Bank of Witt, and the bill alleged that the name of the bank had been changed to First National Bank of Witt, and this was not disputed. The substance of the defense alleged in the answer was, that the defendant John L. Huber, without consideration, for the purpose of loaning his credit to the Magnetic Iron and Coal Company of Tennessee, of which he was a stockholder and treasurer and with the understanding that he was so loaning his credit, executed the notes in consequence of fraud practiced upon him by the bank through its officers and agents and other persons, and that the notes were applied for the use and benefit of the bank and the other persons guilty of the fraud and not for the corporation which was to be benefited thereby.

The appeal was allowed through inattention to the statute defining the appellate jurisdiction of this court, and the learned counsel for the respective parties, with like disregard of the statute, have argued at length the question whether the answer, to which exceptions were sustained, alleged fraud available as a defense to the notes secured by the mortgage. Of that question this court has no jurisdiction by direct appeal, and the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*